UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IAN VICKREY,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>JEFF MACOMBER,<br><br>　　　　　Respondent. | Case No. 24-cv-09428-EKL<br><br>**ORDER TO SHOW CAUSE** |

Petitioner, a state prisoner proceeding *pro se*, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner was convicted in Contra Costa County, which is in this district, so venue is proper here. *See* 28 U.S.C. § 2241(d). He has paid the filing fee. ECF No. 6.

## BACKGROUND

A jury found petitioner guilty of three counts of committing a lewd act on a child and found true the enhancement allegations of multiple victims. *People v. Vickrey*, No. A162939, 2024 WL 1549771, at *4 (Cal. Ct. App. April 10, 2024). Petitioner was sentenced to a prison term of 25 years to life. *Id*. The California Court of Appeal affirmed the conviction. *Id*. at *1. The California Supreme Court denied review. Petition at 2-3.

## DISCUSSION

**Standard of Review**

This Court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Rose v. Hodges*, 423 U.S. 19, 21 (1975).

A district court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant

or person detained is not entitled thereto." 28 U.S.C. § 2243.  Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false.  *See Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990) (quoting *Blackledge v. Allison*, 431 U.S. 63, 75-76 (1977)).

**Legal Claims**

As grounds for federal habeas relief, petitioner asserts that: (1) his rights were violated when an excused juror was erroneously seated, the selected juror was excused, and counsel was ineffective for failing to present certain arguments; (2) the trial court erred in admitting certain evidence from his computer; and (3) the trial court issued an erroneous jury instruction.  Liberally construed, these claims are sufficient to require a response.

## CONCLUSION

1.      The Clerk shall serve electronically a copy of this order upon respondent and respondent's attorney, the Attorney General of the State of California, at the following email addresses:  SFAWTParalegals@doj.ca.gov.  Respondent can view the petition on the electronic docket (ECF No. 1).  The Clerk shall serve by mail a copy of this order on petitioner.

2.      No later than **sixty days** from the date of service, respondent shall file with the Court and serve on petitioner an Answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted based on petitioner's cognizable claims.  Respondent shall file with the Answer and serve on petitioner a copy of all portions of the state trial record that previously have been transcribed and that are relevant to a determination of the issues presented by the petition.

3.      If petitioner wishes to respond to the Answer, he shall do so by filing a Traverse with the Court and serving it on respondent's counsel within thirty days of the date the Answer is filed.

4.      Respondent may file a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases.  If respondent files such a motion, it is due sixty days from the date this order is entered.  If a motion is filed, petitioner shall file with the Court and serve on respondent an

1 opposition or statement of non-opposition within thirty days of receipt of the motion, and
2 respondent shall file with the Court and serve on petitioner a reply within fourteen days of receipt
3 of any opposition.

4     5. Petitioner is reminded that all communications with the Court must be served on
5 respondent by mailing a true copy of the document to respondent's counsel.  It is petitioner's
6 responsibility to prosecute this case.  Petitioner must keep the Court and respondent informed of
7 any change of address and must comply with the Court's orders in a timely fashion.  Failure to do
8 so will result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of
9 Civil Procedure 41(b).

10 **IT IS SO ORDERED.**

11 Dated:  February 11, 2025

Eumi K. Lee
United States District Judge

3